UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

PORTSMITH OWNERS ASSOCIATION, a Washington Non-Profit Corporation,

Plaintiff,

v.

THE HANOVER AMERICAN INSURANCE COMPANY, a New Hampshire corporation; and DOE INSURANCE COMPANIES 1–10,

Defendants.

NO.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES

JURY DEMAND

Portsmith Owners Association (the "Association") alleges as follows:

## I.  INTRODUCTION

1.1   This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under The Hanover American Insurance Company's ("Hanover") policies issued to the Association. The Association is seeking a ruling that the Hanover's policy(s) provides coverage for hidden damage at the Portsmith Condominium complex and that Hanover is liable for money damages for the cost of repairing hidden damage at the Portsmith Condominium complex.

(B)   Attorneys' fees (including expert witness fees) and costs.

(C)   Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of the CPA.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Kirkland, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Portsmith Condominium complex located in Kirkland, Washington.

2.2 <u>Hanover.</u> Hanover is a New Hampshire domiciled insurer with its principal place of business in Worcester, Massachusetts. Hanover sold a property insurance policy(s) to the Association including Policy No. ZZ2964963100 (in effect from at least August 19, 2012 to August 19, 2013). The Hanover policy(s) identifies the Portsmith Condominium as covered property.

2.3 <u>Doe Insurance Companies 1–10.</u> Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Portsmith Condominium complex as covered property.

2.4 <u>Portsmith Insurers</u>. Hanover and Doe Insurance Companies 1–10 shall be collectively referred to as the "Portsmith Insurers."

2.5 <u>Portsmith Policies</u>. The policies issued to the Association by the Portsmith Insurers shall be collectively referred to as the "Portsmith Policies."

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Portsmith Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.   FACTS

4.1   Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2   Tender to Hanover.  On January 24, 2020, the Association tendered claims to Hanover for recently discovered hidden damage to exterior sheathing, framing, and weather resistive barrier at the Portsmith Condominium complex. As part of its claim tender, the Association asked Hanover to investigate for other hidden damage that may exist at the Portsmith Condominium.

4.3   Investigation. The Association hired an investigative firm, Allana Buick & Bers ("ABB"), to investigate the extent of damage at the Portsmith Condominium complex. ABB in conjunction with Hanover's consultants performed a Joint Intrusive Investigation at the Portsmith Condominium complex. The Association understands from ABB that the investigation revealed extensive hidden damage to sheathing framing, and weather-resistive barrier ("WRB") throughout the property attributable to long term, incremental and progressive water damage. It is the Association's understanding from its experts that the cost to repair the hidden damage at the Portsmith Condominiums exceeds the jurisdictional limit of $75,000.

4.4   Hanover's Denial of the Association's Claim.  On April 6, 2021, Hanover unreasonably denied the Association's insurance claim.

## V.   FIRST CLAIM AGAINST THE PORTSMITH INSURERS: DECLARATORY RELIEF THAT THE PORTSMITH POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)   That the Portsmith Policies cover the hidden damage to exterior WRB, sheathing, and framing at the Portsmith Condominium.

(B)   No exclusions, conditions, or limitations bar coverage under the Portsmith Policies.

(C) That the loss or damage to the Portsmith Condominium was incremental and progressive. New damage commenced during each year of the Portsmith Policies.

(D) As a result, the Portsmith Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Portsmith Condominium.

## VI.   SECOND CLAIM: AGAINST HANOVER FOR BREACH OF CONTRACT

6.1   <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   Hanover has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Portsmith Condominium complex.

6.3   Hanover breached its contractual duties by wrongfully denying coverage on April 6, 2021, and by failing to pay the cost of repairing the covered damage to the Portsmith Condominium complex.

6.4   As a direct and proximate result of Hanover's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   <u>Additional Damages</u>. As a direct and proximate result of Hanover's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM: AGAINST HANOVER FOR INSURANCE BAD FAITH

7.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest

and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Hanover had a duty to investigate, evaluate, and decide the Association's claim in good faith. Hanover breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (2) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain, wind-driven rain, weather conditions, and inadequate construction, repair, maintenance, and/or wear and tear; and (3) failing to define terms in the Hanover policy pursuant to the plain meaning of the terms.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Hanover's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.

- Which require Hanover to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Hanover to adopt and implement reasonable standards for the prompt investigation of claims.

7.6   Hanover's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Hanover's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST HANOVER FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Hanover was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Hanover's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

### X.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Portsmith Policies provide coverage as described herein.

10.2   <u>Money Damages.</u>  For money damages against each of the Portsmith Insurers for the cost of investigating and repairing hidden damage at the Portsmith Condominium complex in an amount to be proven at trial, as well as money damages against Hanover for breach of the duty of good faith in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

10.3   Attorneys' Fees and Costs of Suit.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4   CPA Penalties.  For CPA penalties against Hanover of up to $25,000 per violation.

10.5   Other Relief.  For such other and further relief as the Court deems just and equitable.

### XI.   DEMAND FOR JURY TRIAL

11.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 16th day of June, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

*Attorneys for Plaintiff*